IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TRIAD INTERNATIONAL MAINTENANCE CORP.,** | : | |
| | : | **Case No. 2:04-cv-1200** |
| **Appellant,** | : | **Judge Holschuh** |
| v. | : | |
| **SOUTHERN AIR TRANSPORT, INC.,** | : | |
| **Appellee.** | : | |

## ORDER

Appellant Triad International Maintenance Corporation ("TIMCO") has filed this appeal from the Judgment Entry entered in favor of Appellee Southern Air Transport, Inc. ("SAT") as well as the order denying TIMCO's motion to alter or amend the Judgement Entry entered in the adversary proceeding: <u>Southern Air Transport, Inc. v. TIMCO</u>, Case No. 00-2041, arising out of the Chapter 11 bankruptcy case pending before the United States Bankruptcy Court for the Southern District of Ohio: <u>In re: Southern Air Transport, Inc.</u>, Case No. 98-59460. This matter is currently before the Court on the Aeronautical Repair Station Association's ("ARSA") motion for leave to file an *amicus curiae* brief. (Doc. # 5). Additionally, this matter is before the Court on SAT's unopposed motion to strike TIMCO's supplement to Exhibit A. (Doc. # 8).

**I. Leave to File an *Amicus Curiae* Brief**

ARSA seeks leave to file an *amicus curiae* brief. When this Court is sitting as an appeals court for the United States Bankruptcy Court, <u>see</u> 28 U.S.C. § 158(a), requests for leave to file an *amicus curiae* brief are governed by Rule 29 of the Federal Rules of Appellate Procedure. <u>See</u> <u>In re Dow Corning Corp.</u>, 255 B.R. 445, 446 (E.D. Mich. 2000). Under Rule 29(a), a private

*amicus* may file a brief if all parties consent or if the court grants leave. Fed. R. App. P. 29(a). When a party objects, and leave of court is sought, Rule 29(b) provides that the motion for leave to file must be accompanied by the proposed *amicus* brief and must state:

> (1) the movant's interest; and
>
> (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

Fed. R. App. P. 29(b).

In this case, ARSA has submitted its proposed *amicus* brief. Additionally, ARSA has indicated that it "seeks to represent the public interest concerns of the aviation maintenance industry respecting the decision and judgment which are pending upon appeal before the Court, and call[] to the Court's attention the implications and effect upon the United States aviation maintenance industry of that pending decision and judgment...." (Motion at pp. 1-2). ARSA has therefore stated its interest in participating in this appeal. Moreover, this Court concludes that the matters asserted by ARSA are relevant to the disposition of this case. Thus, the Court must now determine whether an *amicus* brief is desirable.

SAT argues that leave to file should be denied for three reasons: (1) ARSA's brief is duplicative of the brief filed by TIMCO, (2) ARSA's brief would improperly extend the length of TIMCO's brief, and (3) ARSA's brief is an improper collateral attack on Bankruptcy Court's prior decision in Southern Air Transport, Inc. v. Northwings Accessories Corp., 255 B.R. 715 (Bankr. S.D. Ohio 2000).

In support of its position that ARSA's proposed *amicus* brief should be rejected, SAT cites a decision of the Seventh Circuit Court of Appeals. In Voices for Choices v. Illinois Bell Telephone Co., 339 F.3d 542 (7th Cir. 2003), the Seventh Circuit explained that allowing an

*amicus curiae* brief is a matter of "judicial grace." Id., at 544 (citations omitted). The Seventh Circuit then noted that, the reasons for denying leave to file an *amicus* brief include:

> (1) judges have heavy caseloads and therefore need to minimize extraneous reading;
>
> (2) amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs;
>
> (3) the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation; and
>
> (4) the filing of an amicus brief is often an attempt to inject interest group politics into the federal appeals process.

Id., at p. 544. The Seventh Circuit also suggested that leave should be denied when an *amicus* brief merely duplicates a party's brief.

This Court cannot agree that the concerns discussed by the Seventh Circuit are present in this case. While ARSA's brief argues the same general position as TIMCO, its primary focus is on the effect the decision will have on the entire aviation maintenance industry. TIMCO, on the other hand, is primarily focused on the effect the decision will have on its business. Thus, while this Court agrees that the proposed *amicus* brief supports the position of TIMCO, this Court also concludes that ARSA is in a position to provide information and/or a perspective that can assist the Court in addressing the important issues in this case. See United States v. City of Columbus, Case No. 2:99-CV-1097, 2000 WL 1745293 (S.D. Ohio Nov. 20, 2000).

Additionally, as noted by ARSA, even if the Court considers ARSA's brief and TIMCO's brief together, they do not exceed the page limitation for appellate briefs. Rule 8010(c) of the Federal Rules of Bankruptcy Procedure provides that "principal briefs shall not exceed 50

3

pages...." Combined, ARSA's brief and TIMCO's brief do not exceed 50 pages. Moreover, ARSA has complied with Rule 29 (d) of the Federal Rules of Appellate Procedure, which provides, in relevant part: "an amicus brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief."

SAT also cites The Dow Chemical Co. and Subsidiaries v. United States, Case No. 00-CV-10331-BC, 2002 U.S. Dist. LEXIS 11657 (E.D. Mich. May 24, 2002), in support of its position that ARSA's proposed brief is an improper collateral attack on the Northwings decision. However, in The Dow Chemical Co. and Subsidiaries, the proposed *amicus* brief challenged findings of fact that were directly decided against the proposed *amicus* in a prior case. The court concluded that "[i]t is not the proper office of an *amicus* brief, whose primary purpose is to assist the Court in reaching a decision, to collaterally attack the results or reasoning of a case decided adversely to the proposed *amicus*." The Dow Chemical Co. and Subsidiaries, 2002 U.S. Dist. LEXIS 11657, *5. In this case, however, ARSA was not a party to, or a participant in, the Northwings case. Therefore, this Court cannot conclude that the reasoning of The Dow Chemical Co. and Subsidiaries would prohibit ARSA's proposed *amicus* brief in this case.

Finally, this Court notes that "it is preferable to err on the side of granting leave" to file an *amicus* brief. Neonatology Associates, P.A. v. Commissioner of Internal Revenue, 293 F.3d 128, 133 (3rd Cir. 2002). As explained by the Third Circuit Court of Appeals:

> If an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance.

Neonatology Associates, 293 F.3d at 133. This Court will therefore allow ARSA to file an

*amicus curiae* brief in this case.

**II. Motion to Strike**

On December 10, 2004, after SAT had requested the transcript of a hearing held on November 2, 2004 before the Bankruptcy Court, TIMCO filed a supplement to Exhibit A of its designation of items to be included in the record on appeal. TIMCO sought to include the following in the Miscellaneous filings section:

> 2. Exhibits used by TIMCO in the November 2, 2004 Oral Hearing on TIMCO's Motion to Amend or Make Additional Findings of Fact, and Motion to Alter or Amend the Judgment Entered 1/25/02 (Transcript Reference).......................................................11/2/04

(Doc. # 4-3, at pp. 9-39, Supplement to Exhibit A of Appellant['s] ... Designation of Items to be Included in Record on Appeal).

SAT has filed a motion to strike TIMCO's supplement to Exhibit A. SAT contends that the Exhibits that TIMCO wishes to supplement, *i.e.,* Microsoft PowerPoint slides that were used during counsel for Appellant's argument at the November 2, 2004 hearing, were neither filed with the Bankruptcy Court nor proferred or admitted into evidence at the November 2, 2004 hearing. TIMCO has not opposed this motion.

This Court agrees that "documents presented for the first time at the appellate stage of any proceeding are generally not considered part of the record for the review by the appellate court." In re Hervey, 252 B.R. 763, 766 (8th Cir. BAP 2000). See also Wilson v. Upjohn Corp., Case Nos. 91-3670, 91-3682, 1992 WL 158121, *5 (6th Cir. July 9, 1992) (quoting Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988)). This Court will therefore strike TIMCO's supplement to Exhibit A.

**WHEREUPON**, ARSA's motion for leave to file an *amicus curiae* brief (Doc. # 5) is **GRANTED**.  The Clerk shall file the *amicus curiae* brief submitted by ARSA.  SAT's motion to strike TIMCO's supplement to Exhibit A (Doc. # 8) is also **GRANTED**.  TIMCO's supplement to Exhibit A (Doc. # 4-3, at pp. 9-39), will not be considered part of the record in this case.

**IT IS SO ORDERED.**

August 10, 2005                                         /s/ John D. Holschuh
                                                        John D. Holschuh, Judge
                                                        United States District Court