IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TRIAD INTERNATIONAL MAINTENANCE CORP.,** | : | |
| | : | **Case No. 2:04-cv-1200** |
| **Appellant,** | : | **Judge Holschuh** |
| v. | : | |
| **SOUTHERN AIR TRANSPORT, INC.,** | : | |
| **Appellee.** | : | |

## ORDER

Appellant Triad International Maintenance Corporation ("TIMCO") has filed this appeal from the Judgment Entry entered in favor of Appellee Southern Air Transport, Inc. ("SAT") as well as the order denying TIMCO's motion to alter or amend the Judgement Entry entered in the adversary proceeding: <u>Southern Air Transport, Inc. v. TIMCO</u>, Case No. 00-2041, arising out of the Chapter 11 bankruptcy case pending before the United States Bankruptcy Court for the Southern District of Ohio: <u>In re: Southern Air Transport, Inc.</u>, Case No. 98-59460.  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

On December 19, 2005, this Court affirmed the decision of the Bankruptcy Court.  This matter is now before the Court on TIMCO's motion for rehearing and oral argument.  (Doc. # 21).

I. Discussion

    A. Standard

TIMCO has moved, pursuant to Bankruptcy Rule 8015, for rehearing of the Court's December 19, 2005 Memorandum Opinion and Order. Rule 8015 permits the filing of a motion for rehearing and requires that such a motion be filed within ten (10) days of the entry of judgment. However, Rule 8015 does not provide the appropriate standard for granting relief. Because Rule 8015 was derived from Rule 40 of the Federal Rules of Appellate Procedure, courts often look to Rule 40 for guidance. See United States v. Fowler (In re Fowler), 394 F.3d 1208, 1214-15 (9th Cir. 2005) (citations omitted); Frank v. Michigan, No. 99-10333, 2000 WL 33351830 (E.D. Mich. Feb. 3, 2000) (citing 9 Collier on Bankruptcy, ¶ 8015.04 at 8015-4 (15th ed. 1993)).

Rule 40(a) of the Federal Rules of Appellate Procedure provides, in relevant part: "[t]he petition [for rehearing] must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Fed. R. App. P. 40(a)(2). SAT argues that TIMCO's motion for rehearing does not identify any point of law or fact that the Court overlooked or misapprehended. SAT argues that, instead, TIMCO is merely repeating the arguments made in its original brief, *i.e.*, "arguments that the Court has already thoroughly considered and rejected."

SAT also suggests that it may be more appropriate to treat TIMCO's motion as one seeking reconsideration. The Court notes that, in its motion for rehearing, TIMCO asks the Court to "reconsider" its December 19, 2005 Memorandum Opinion and Order. Courts generally treat a motion for reconsideration as a motion to alter or amend the judgment pursuant

to Federal Rule of Civil Procedure 59(e).  Bankruptcy Rule 9023 makes Rule 59 of the Federal Rules of Civil Procedure generally applicable in bankruptcy proceedings.[1]

The grant or denial of a Rule 59(e) motion is within the informed discretion of the Court. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).  Moreover, such a motion is an "extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."  American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1997).  A court may reconsider a previous judgment: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice.  See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

**B. Application**

In its motion, TIMCO does not specifically identify points of law or fact that the Court "overlooked" or "misapprehended."  Nor does TIMCO specifically identify any of the categories identified in GenCorp that would justify reconsideration under Rule 59 of the Federal Rules of Civil Procedure.  Instead, TIMCO generally argues that the Court erred in three respects: (1) by failing to apply the proper standard of review; (2) by failing to give proper deference to FAA and Registry interpretations, procedures, and requirements; and (3) by failing to address the distinction between Federal and state law regarding the recording of perfected liens.  TIMCO also argues that, if rehearing is granted, the Court should allow oral argument.  For the following reasons, the Court concludes that TIMCO's motion is without merit.

---

[1] While Rule 9023 does contain one limitation, that limitation is not relevant in this case.

### 1. Standard of Review

First, TIMCO argues that this Court applied an incorrect standard of review. This Court held that the Bankruptcy Court's factual findings would be examined for clear error, that questions of law would be reviewed *de novo*, and that mixed questions of law and fact would be separated into their constituent parts and each analyzed using the appropriate standard of review. (Memorandum Opinion and Order at p. 4 (December 19, 2005) (citations omitted)). TIMCO argues that, because the judgment below was decided on cross-motions for summary judgment, there was no finder of fact and, therefore, the Court should have applied *de novo* review.

TIMCO has not, however, identified any issues of fact to which the Court improperly applied a lower standard of review. To the contrary, the dispositive issues in this case all involved questions of law. This Court reviewed those questions *de novo*. Therefore, this Court concludes that TIMCO's argument in this respect does not provide a basis for rehearing or reconsideration.

### 2. Deference

Next, TIMCO argues that the Court failed to give proper deference to the "FAA and Registry interpretations, procedures and requirements of its own statutes and rules relevant (and dispositive) of the issue on appeal." (Motion for Rehearing and Oral Argument at p. 2). However, in its appellate brief, as well as its reply, TIMCO argued that the lower court failed to give proper deference to the FAA and Registry interpretations, procedures, and requirements. Consequently, the Court addressed the issue of deference in the December 19, 2005 Memorandum Opinion and Order. For the reasons stated, this Court has concluded that those opinions were not entitled to deference.

### 3. Distinction Between Federal and State Law

Finally, TIMCO argues that this Court failed to address the distinction between Federal and state law regarding the recording of perfected liens. TIMCO specifically argues that the Court's decision

> is directly contrary to the applicable Federal and state statutes and FAA and Registry interpretations, practices, rules and procedures; and, moreover, was impossible to comply with since the evidence established that such a notice of lien would not have been accepted for recordation by the FAA Registry even if submitted.

(<u>Motion for Rehearing and Oral Argument</u>, at p. 4). Additionally, TIMCO suggests that sections 44107 and 44108 of Title 49 of the United States Code merely require that "*if such notice is required otherwise*, the place of filing is the FAA Registry." (<u>Id.</u> (emphasis original)). However, these same arguments have already been presented and, consequently, rejected by this Court. TIMCO has failed to provide a proper basis for reconsideration of the Court's decision in this regard.

### 4. Oral Argument

TIMCO also seeks, pursuant to Bankruptcy Rule 8012, to present oral argument on rehearing of the issues in this case. On September 12, 2005, this Court denied TIMCO's original request for oral argument concluding that "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." (<u>Order</u> at p. 2 (September 12, 2005)). The Court's opinion regarding the need for oral argument has not changed. In any event, because the Court concludes that TIMCO's motion for rehearing and/or for reconsideration is without merit, TIMCO's request for oral argument is moot.

**WHEREUPON**, TIMCO's motion for rehearing and oral argument (Doc. # 21) is **DENIED**.

**IT IS SO ORDERED.**

April 24, 2006                                                                                  /s/ John D. Holschuh
                                                                                                         John D. Holschuh, Judge
                                                                                                         United States District Court